UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE ALEJANDRO MESQUIDA,

      Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER *et al.*,

      Respondents,

Case No.:  2:26-cv-01319-SPC-DNF

## OPINION AND ORDER

Before the Court are petitioner Jorge Alejandro Mesquida's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 12).  For the below reasons, the Court grants the petition.

Alejandro Mesquida is a native of Cuba who was paroled into the United States on August 23, 1989, and he later became a lawful permanent resident. On March 1, 2006, he was convicted of conspiracy to distribute cocaine and methamphetamine.  An immigration judge ordered him removed on October 21, 2021.  On September 13, 2022, Immigration and Customs Enforcement ("ICE") released Alejandro Mesquida under an order of supervision.

On November 4, 2025, Alejandro Mesquida reported to ICE for a check-in appointment, and ICE revoked the order of supervision and arrested him. ICE took Alejandro Mesquida to the Texas-Mexico border on February 25, 2026, and again on March 30, 2026.  Alejandro Mesquida refused to cross the

border both times, and ICE returned him to Alligator Alcatraz. Alejandro Mesquida argues his detention violates the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Alejandro Mesquida has been detained for more than 180 days, so *Zadvydas*'s burden-shifting framework applies. Alejandro Mesquida has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba will not accept him, and ICE has not made progress towards lawful removal.

The burden thus shifts to the government. ICE points to its attempts to send Alejandro Mesquida to Mexico. But the evidence before the Court suggests those were informal efforts to compel voluntary departure, not an above-board removal attempts that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief

under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Alejandro Mesquida in the reasonably foreseeable future.

The Court finds no significant likelihood Alejandro Mesquida will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Alejandro Mesquida to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Jorge Alejandro Mesquida's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Alejandro Mesquida within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record